J-S10004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAVETTA ABRAMS, | |
| Appellant | No. 2863 EDA 2013 |

Appeal from the Judgment of Sentence October 3, 2013
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0003164-2013

BEFORE: GANTMAN, P.J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 11, 2015**

Appellant, Lavetta Abrams, appeals from the judgment of sentence imposed following a bench trial conviction of simple assault and possessing an instrument of crime.[1]  These charges related to an escalated domestic argument.  Appellant challenges the sufficiency of the evidence and claims

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a) and 907(a), respectively.  We note that the trial court docket and sentencing order incorrectly reflect a conviction and sentence for recklessly endangering another person, 18 Pa.C.S.A. § 2705. (**See** Trial Court Docket, at 4; Sentencing Order, 10/03/13).  There is no dispute that Appellant was convicted and sentenced of possessing an instrument of crime.  (**See** N.T. Trial, 7/22/13, at 37; Trial Court Opinion, 8/13/14, at unnumbered pages 5-6, 9; Appellant's Brief, at 3, 5, 7, 9-11, 25; Commonwealth's Brief, at 2, 5).

that the Commonwealth failed to disprove self-defense. We affirm on the basis of the trial court opinion.

In its August 13, 2014 opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. (**See** Trial Ct. Op., 8/13/14, at unnumbered pages 1-5). Therefore, we have no reason to restate them here.

Appellant raises the following issue for our review: "[w]as not the evidence insufficient as a matter of law to convict [A]ppellant of simple assault and possession of an instrument of crime where the Commonwealth failed to disprove self-defense beyond a reasonable doubt?" (Appellant's Brief, at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's issue. The trial court properly disposes of the question presented. (**See** Trial Ct. Op., at unnumbered pages 5-9) (finding that: (1) the evidence viewed in the light most favorable to the Commonwealth was sufficient to prove all elements of simple assault and possessing an instrument of crime; (2) there was no evidentiary support for self-defense; and (3) the Commonwealth sustained its burden of proof that Appellant's actions were not in self-defense.). Accordingly, we affirm on the basis of the trial court's August 13, 2014 opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015

S10004-15

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

RECEIVED

AUG 1 3 2014

APPEALS/POST TRIAL

COMMONWEALTH OF PENNSYLVANIA   :   CP-51-CR-0003164-2013

    :

vs.     :

    :   **SUPERIOR COURT**

LAVETTA ABRAMS     :   **NO. 2863 EDA 2013**

**O P I N I O N**

KENNEDY, SEAN F., J.      CP-51-CR-0003164-2013 Comm. v. Abrams, Lavetta Opinion      **August 11, 2014**



7185148771

**FINDINGS OF FACT**

On February 19, 2013, Officer Shanchioun was on duty as a Philadelphia police officer. N.T. 7/22/2013 at 9. At approximately 6:15 p.m., she responded to radio call for a person with a weapon at 5620 Montrose Street, in the city and county of Philadelphia. Id. She arrived at the location within 60 to 90 seconds and at that time, she noticed a female standing at the door, looking out the window. N.T. 7/22/2013 at 10, 12-13. The female, who identified herself as Veronica Rogers, immediately opened the door for Officer Shanchioun. N.T. 7/22/2013 at 11.

Ms. Rogers' was visibly upset. N.T. 7/22/2013 at 10. She was yelling and crying. N.T. 7/22/2013 at 11. She had a large gash over her left eye, with blood running down the side of her face.[1] N.T. 7/22/2013 at 10, 13, 17. Her shirt was covered with blood.[2] N.T. 7/22/2013 at 11,

---

[1] Officer Shanchioun identified Exhibit C-1 as a fair and accurate representation of Ms. Rogers' appearance on February 19, 2013, after Ms. Rogers had been cleaned up. N.T. 7/22/2013 at 17.

[2] Officer Shanchioun identified Exhibit C-2 as the front of Ms. Rogers' blood stained sweatshirt, as it appeared on February 19, 2013. N.T. 7/22/2013 at 18.

13, 18. Ms. Rogers stated that she had been struck in the face with a candle holder and that the person who struck her was upstairs. N.T. 7/22/2013 at 13-14. Officer Shanchioun then walked to the bottom step of staircase and called up to the second floor, for anyone who might be upstairs. N.T. 7/22/2013 at 14-15.

As Officer Shanchioun called up the steps, she was aware of someone walking down the hallway, from the front of the house, towards the top step of the stairs. N.T. 7/22/2013 at 14-15. Lavetta Abrams, the Defendant, came to the top step. N.T. 7/22/2013 at 15, 21. She then came down the steps, at Officer Shanchioun's command. N.T. 7/22/2013 at 15. Ms. Rogers identified the Defendant as the person who had struck her with the candle holder. N.T. 7/22/2013 at 15-16. Officer Shanchioun observed a candle holder on the first floor, at the landing area of the staircase.[3] N.T. 7/22/2013 at 16-17.

After Ms. Rogers identified the Defendant as her assailant, the Defendant and Ms. Rogers began to argue, yelling profanities at one another. N.T. 7/22/2013 at 16. Officer Shanchioun placed the Defendant into custody and took her outside. N.T. 7/22/2013 at 19. Thereafter, she remained outside, with the Defendant, until the Defendant was transported to headquarters. Id. To Officer Shanchioun's knowledge, the Defendant and Ms. Rogers were the only persons present in the house. N.T. 7/22/2013 at 20.

Detective Brady also went to 5620 Montrose Street, in the city and county of Philadelphia, on February 19, 2013. N.T. 7/22/2013 at 23. He went there to investigate the complaint. Id. He went upstairs and observed a glass votive candle on the banister, in the area of the back bedroom. Id. He observed blood on the candle. Id. He also observed drops of

---

[3] Officer Shanchioun identified Exhibit C-3 as the candle holder she observed at the scene, on February 19, 2013. N.T. 7/22/2013 at 18-19.

blood on the floor. Id. Responding officers recovered the candle. Id. Officer Brady spoke to Ms. Rogers and he took photographs of her. Id.

Detective Brady also spoke to the Defendant, the night of February 19, 2013. N.T. 7/22/2013 at 23-24. The Defendant was clear-headed and cooperative. N.T. 7/22/2013 at 24. Detective Brady informed the Defendant that he was investigating a report of an assault on February 19, 2013, at 5620 Montrose Street and further, that she was the alleged offender. N.T. 7/22/2013 at 25. After advising the Defendant of her Miranda rights, Detective Brady interviewed the Defendant and took her statement. [4] N.T. 7/22/2013 at 24-26.

The Defendant provided Detective Brady with the following information. The Defendant and Ms. Rogers, both of whom resided at the 5620 Montrose house, were arguing about forks. N.T. 7/22/2013 at 25-26. At that time, the Defendant and Ms. Rogers were in the house, standing in the second floor hallway. N.T. 7/22/1013 at 26. The Defendant was standing in front of her bedroom door. Id. The Defendant felt threatened by Ms. Rogers, who was bigger than the Defendant. Id. The Defendant grabbed a candle from her bedroom and then threw the candle at Ms. Rogers, who was 10 feet away from the Defendant. Id. The candle struck Ms. Rogers. Id.

At trial, the Defendant testified on her own behalf. She testified to the following facts. The Defendant and Ms. Rogers lived in the house on Montrose Street, along with the Defendant's boyfriend and his son. N.T. 7/22/2013 at 29. Ms. Rogers was the son's girlfriend. Id. On February 19, 2013, the Defendant confronted Ms. Rogers about forks that were missing

---

[4] Detective Brady identified the first page of Exhibit C-4 as documentation of the right that he explained to the Defendant on February 19, 2013. N.T. 7/22/2013 at 24. He identified page two of Exhibit C-4 as documentation of his interview with the Defendant. Id.

from the house. Id. The Defendant was at the front room and Ms. Rogers was at the back room. Id. Ms. Rogers denied having the forks and thereafter, the Defendant and Ms. Rogers started fussing, back and forth. Id.

Ms. Rogers, who was yelling and cursing about not having the forks, started walking in the direction of the Defendant. N.T. 7/22/2013 at 29-30. The Defendant grabbed a candle holder from her bedroom and she threw it at Ms. Rogers, to stop Ms. Rogers from coming towards her. Id. The Defendant threw the candle holder because she felt threatened by Ms. Rogers. Id. The Defendant subsequently learned that Ms. Rogers was going towards the bathroom, not the Defendant. Id.

When the Defendant threw the candle at Ms. Rogers, Ms. Rogers was 10 feet away from the Defendant. N.T. 7/22/2013 at 31. The Defendant believed that Ms. Rogers was coming towards her in an aggressive and threatening manner. N.T. 7/22/2013 at 31-32. This belief was based upon the fact that Ms. Rogers, who was big, was "moving kind of fast coming towards [the Defendant]." N.T. 7/22/2013 at 32. Ms. Rogers did not run towards the Defendant. N.T. 7/22/2013 at 32. She did not raise her hands to the Defendant. Id.

On the night of the incident, the Defendant told Detective Brady that she felt threatened, but she did not tell Detective Brady that Ms. Rogers threatened her and/or that she threw the candle as an act of self-defense. N.T. 7/22/2013 at 32-33. The Defendant was telling the Court that she threw the candle in self-defense. N.T. 7/22/2013 at 33. The Defendant indicated that she felt threatened by Ms. Rogers because Ms. Rogers, who was big and mouthy, was coming towards her. N.T. 7/22/2013 at 34-35.

## PROCEDURAL HISTORY

On July 22, 2013, the Defendant requested and was granted a waiver of a jury trial, before the Honorable Sean F. Kennedy. Based on the evidence presented, the Defendant was found guilty of simple assault, 18 Pa.C.S. §2701 and possession of an instrument of crime, 18 Pa.C.S. §907. The Defendant was subsequently sentenced to one year of reporting probation on each offense, to run concurrently. The Defendant filed a timely notice of appeal. Thereafter, the Honorable Sean F. Kennedy filed a Pa.R.A.P 1925(b) Order and the Defendant complied with this Order.[5]

## DISCUSSION

The Defendant's contends that the evidence was insufficient to support her convictions because the Commonwealth failed to disprove beyond a reasonable doubt her claim of self-defense. (Statement of Errors at Paragraph 3).

When presented with a claim that the evidence was insufficient to support a conviction, the Appellate Court views all of the evidence presented at trial, as well as the inferences drawn from said evidence, in the light most favorable to the prevailing party. Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000); Commonwealth v. Kane, 10 A.3d 327 (Pa.Super. 2010);

---

[5] The procedural history of this case is somewhat convoluted due to the fact this Court's 1925(b) Order, which was signed on October 29, 2013, was not filed until December 4, 2013 and further, not accurately docketed on December 4, 2013. On June 27, 2014, counsel for the Defendant contacted the Judge's office and left a message, notifying this Court that he had never received the Court's 1925(b) Order. On July 2, 2014, counsel for the Defendant was advised by the Judge's office that the Order, with an attached proof of service to counsel, was stamped filed, on December 4, 2013. Counsel responded that the docket did not indicate such filing. The Judge's office reviewed the docket, which revealed a filing on December 4, 2013. However, the docket did not reflect that the filing was a 1925(b) Order. At counsel's request, the Judge's office faxed a copy of the stamped Order, with the attached proof of service, to counsel. Thereafter, counsel for the Defendant filed a Petition to File a Statement of Errors Nunc Pro Tunc, referenced above. Given the aforementioned facts, the Judge granted the Defendant's Petition to File a Statement of Errors Nunc Pro Tunc.

Commonwealth v. Madison, 397 A.2d 818 (1979). The Court then determines whether the evidence was sufficient to enable the Trier-of-fact to find that all of the elements of the crime were established beyond a reasonable doubt. Id. The Appellate Court may not re-weigh the evidence and substitute its judgment for that of the fact-finder. Commonwealth v. Ratsamy, 934 A.2d 1233 (Pa. 2007). The credibility of witnesses, and the weight to be accorded evidence produced at trial, is within the sole province of the Trial Judge. Commonwealth v. Hitner, 910 A.2d 721, 733 (Pa. Super. 2006). Because the Trial Judge has had the opportunity to hear and see the evidence presented, the Appellate Court will give the gravest consideration to the findings and reasons advanced by the Judge. Id.

A person commits the offense of simple assault when he attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another. 18 Pa.C.S. §2701. A person commits the offense of possession of an instrument of crime when he possesses any instrument of crime, with the intent to employ it criminally. 18 Pa.C.S. §907. An instrument of crime is anything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for the lawful uses it may have. Id.

Based upon the evidence, as a whole, this Court determined that the evidence presented was sufficient to allow this Court to find that all of the elements of simple assault and possession of an instrument of crime were established beyond a reasonable doubt. The Defendant acknowledged that she intentionally threw a candle at Ms. Rogers and that the candle struck Ms. Rogers. The uncontradicted evidence of record established that the candle struck Ms. Rogers in the face, causing Ms. Rogers to suffer a large gash over her left eye.

Although the Defendant testified that she did not intend to hurt Ms. Rogers, this testimony was determined to be less than credible. As noted above, the candle struck Ms. Rogers in the face, with sufficient force to cause a large gash over Ms. Rogers left eye As the Trier-of-Fact, the Judge was free to believe all, part, or none of the evidence presented. Hitner, supra.

After acknowledging that she struck Ms. Rogers, the Defendant claimed that she did so in self-defense. The use of force against a person is justified when the actor believes[6] that such force is immediately necessary for the purpose of protecting only himself against the use of unlawful force by the other person. 18 P.C.S. §505(a). When a defendant raises the issue of self-defense, the Commonwealth has the burden of disproving such defense beyond a reasonable doubt that the defendant's actions were not done in self-defense. Commonwealth v. Mouzon, 53 A.3d 738 (Pa. 2012).

While the defendant does not have the burden to prove self-defense before the issue is properly before the Court, there must be some evidence to justify such a finding by the Court. Id. If there is any evidence that will support the claim, then the issue is properly before the fact-finder. Id. In the instant case there was no evidence to support or justify a finding of self-defense and therefore, the issue was not properly before the Court.

The only evidence in support of the Defendant's claim of self-defense was the Defendant's testimony. According to the Defendant, during the course of her argument with Ms. Rogers, Ms. Rogers, who was bigger than the Defendant, moved quickly in the direction of the

---

[6] The actor's belief must be reasonable. 18 P.C.S. §501.

Defendant, yelling and screaming. These facts, even if believed, do not justify the Defendant's use of force against Ms. Rogers.

There was no evidence that to support a finding that the Defendant needed to use force, to protect herself from Ms. Rogers. By the Defendant own admission, Ms. Rogers did not run at the Defendant or raise her hands to the Defendant. There was no evidence that Ms. Rogers used force upon the Defendant or that Ms. Rogers verbally threatened to use force against the Defendant. To the extent the Defendant believed that she need to use force, her belief was unreasonable

Moreover, even assuming for arguments sake that the Defendant introduced some evidence to justify the claim of self-defense, the Commonwealth sustained its burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense. To satisfy its burden, the Commonwealth was required to establish at least one of the following: the Defendant did not have a reasonable belief that she was in danger of injury; the Defendant provoked the use of force; the Defendant had a duty to retreat and the retreat was possible with complete safety. Commonwealth v. Ventura, 975 A.2d 1128 (Pa.Super 2009).

As indicated above, the Defendant's belief that she needed to use force was not reasonable. The uncontradicted evidence established that the Defendant provoked the situation that resulted in the use of force and that she provoked the use of force. The uncontradicted evidence also establishes that the Defendant had the duty to retreat and that the retreat was possible with complete safety.

The Defendant's testimony established that she provoked, and continued in, the argument with Ms. Rogers. The Defendant's testimony established that she provoked the use of force.

There was no evidence that Ms. Rogers used any force. The Defendant's testimony established that the Defendant was standing in front of her bedroom door, and 10 feet away from Ms. Rogers, when she used force upon Ms. Rogers. Instead of using force upon Ms. Rogers, the Defendant had the opportunity to bedroom and shut the bedroom door, with complete safety.

## CONCLUSION

The evidence was sufficient to enable this Court to find that all of the elements of the simple assault and possession of an instrument of crime were established beyond a reasonable doubt. The evidence was also sufficient to enable this Court to find that the Commonwealth sustained its burden of proving beyond a reasonable doubt that the Defendant's actions were not done in self-defense. As a result, the Trial Court respectfully requests that the determination of guilt be affirmed on appeal.

BY THE COURT:

SEAN F. KENNEDY, J.